829 F.2d 43
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Helmut LINHART and Paul Moser.
 Appeal No. 86-1685.
 United States Court of Appeals, Federal Circuit.
 Aug. 24, 1987.
 
 Before BISSELL, Circuit Judge, BALDWIN, Senior Circuit Judge, and ARCHER, Circuit Judge.
 BALDWIN, Senior Circuit Judge.
 
 DECISION
 
 1
 This is an appeal from the decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences (board) affirming the examiner's final rejection under 35 U.S.C. Sec. 103 of claims 8 and 10 of appellants' application Serial No. 545,557, entitled "Stabilised Polypropylene." We affirm.
 
 OPINION
 
 2
 Appellants claim a composition of polypropylene that is stabilized against the effects of light and heat by the incorporation therein of calcium-bis-[O-ethyl-(3,5-ditert.butyl-4-hydroxybenzyl)-phosphonate]. The examiner determined the claimed composition would have been obvious over U.S. Patent No. 3,310,575 (Spivack).
 
 
 3
 Spivack discloses metal derivatives of dialkylhydroxyphenylalkylphosphonic acid and phosphonic acid half-esters which are noted for their thermal stabilizing properties in synthetic polymeric substances, including polypropylene. Salts of any metal in its highest valence state are operable. Spivack suggests the use of various metal salts, including sodium, cadmium, zinc, barium, nickel, aluminum, tin, chromium, cobalt, iron, copper, titanium, and vanadium. Spivack establishes that all compounds employing each of the itemized substances improve to some degree the stability of polypropylene. The degree to which stability is imparted is variable upon the particular metal salt selected.
 
 
 4
 The board affirmed the final rejection of claims 8 and 10* noting that:
 
 
 5
 [T]he teachings of Spivack would have lead one of ordinary skill in the art to recognize that the various salts of dialkylhydroxyphenylalkylphosphonic acid have an expected capability of functioning as heat and light stabilizers for polypropylene and have a differing capability dependent upon the particular metal ion and particular alkyl group used to form the compound. In establishing that fact experimentally, appellants have done no more than what would have been expected by one skilled in the art.
 
 
 6
 Following the test of whether the prior art taken as a whole would have suggested the chemical composition to one of ordinary skill in the art at the time the invention was made, see In re Merck & Co., Inc., 800 F.2d 1091, 1097, 231 USPQ 375, 379 (Fed.Cir.1986), the board determined that Spivack's suggestion of the use of barium salts would lead to similar use of other alkaline earth metal salts such as those of calcium. We see no clear error in the board's determination as to the teachings of the prior art.
 
 
 7
 Appellants here, as below, have attempted a rebuttal of the obviousness determination through evidence showing "unexpected or superior" results of the use of the calcium compound as recited in the claims. We disagree with the contention that Spivack neither teaches nor suggests "[a]ppellants' discovery that the specific calcium salt of claim 10 provides unexpected performance characteristics." Whether evidence submitted to rebut the prima facie case of obviousness establishes unexpected results is one for the trier of fact to decide. See In re Johnson, 747 F.2d 1456, 1460, 223 USPQ 1260, 1263 (Fed.Cir.1984). The evidence was thoroughly considered by the examiner and by the board. The finding of no unexpected results is not clearly erroneous and we find no error in the board's conclusion that appellants have failed to overcome the prima facie case of obviousness.
 
 
 
 *
 Claim 10 is limited to a polypropylene composition; claim 8 recites the polypropylene composition in varying physical forms